989 F.2d 1203
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
McClelland C. SMITH, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5014.
 United States Court of Appeals, Federal Circuit.
 Feb. 9, 1993.
 
 Before RICH and PLAGER, Circuit Judges, and COHN, District Judge*.
 PER CURIAM.
 
 
 1
 McClelland Smith appeals the October 9, 1992 decision of the Claims Court**, Docket No. 91-1652C, dismissing his complaint for failure to file within the applicable statute of limitations. Finding no error in the Claims Court's decision, we affirm.
 
 DISCUSSION
 
 2
 On December 2, 1991, Mr. Smith filed his complaint in the Claims Court alleging that his 1951 enlistment and subsequent release from active duty in the Ohio National Guard were void on the grounds his enlistment record had been fraudulently altered. Specifically, Mr. Smith alleged that he was enlisted at the grade of corporal, but that his enlistment papers were subsequently changed, without his approval, to reflect his enlistment at the lower class of private first class. For relief, Mr. Smith sought correction of his military records, back pay, and retirement benefits.
 
 
 3
 On March 31, 1992, the government filed a motion to dismiss the complaint for lack of jurisdiction on the grounds the complaint had not been filed within the statute of limitations prescribed by 28 U.S.C. § 2501 (1988) which states in relevant part:
 
 
 4
 Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
 
 
 5
 On October 8, 1992, after hearing oral argument on the motion, with Mr. Smith appearing pro se, the court issued an opinion from the bench granting the government's motion on the grounds Mr. Smith's claim accrued back in 1951, when Mr. Smith became aware that his grade had been changed, and that he should have filed a claim with the Claims Court within six years of this date. On October 9, 1992, the court issued a written opinion memorializing its bench opinion.
 
 
 6
 On appeal, Mr. Smith asserts that the court erred by failing to consider certain letters written during the statute of limitations period. However, the relevant inquiry is whether Mr. Smith filed a complaint at the Claims Court within the prescribed period. Thus, Mr. Smith's assertions are irrelevant.
 
 
 7
 Mr. Smith next makes several assertions about the merits of his case. However, these assertions are irrelevant to the issue of whether Mr. Smith filed his complaint within the applicable statute of limitations period.
 
 
 8
 Next, Mr. Smith charges that the court erred by failing to overturn a decision of the Board for the Correction of Military Records, which dismissed a claim Mr. Smith had previously filed before the Board. However, Mr. Smith has not pointed to any infirmity in the court's analysis that would warrant reversal.
 
 
 9
 Finally, Mr. Smith asserts that the untimely filing of his complaint before the Claims Court should be excused under the provisions of 10 U.S.C. § 1552(b) (1988). However, that section is applicable only to claims brought before the Board for the Correction of Military Records.
 
 
 10
 For all the foregoing reasons, Mr. Smith has not shown that the Claims Court erred. Accordingly, we
 
 
 11
 AFFIRM.
 
 
 
 *
 Honorable Avern Cohn, District Judge for the Eastern District of Michigan, sitting by designation
 
 
 **
 Renamed as the Court of Federal Claims on October 29, 1992. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 902(a), 106 Stat. 4506, 4516 (1992)